875 F.2d 316
 1989-2 Trade Cases 68,653
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Purnima M. SHAH, M.D., Plaintiff-Appellant,
v.
The MEMORIAL HOSPITAL; Danville Anesthesiologists, Inc.;
Arnold Mainheim, M.D.; Edward Tsui, M.D.; Hunter A.
Grumbles; Claude McClure, Ph.D., M.D.; Jack Hall, M.D.;
Leo Linquist, M.D.; Irving Melnick, M.D.; Eric Hedburg,
M.D., Defendants--Appellees,
and
Allen Lin, M.D.; Margarito Escario, M.D.; Rodolfo
Barberia, M.D.; Allen Hoffman, M.D.; Glen
Updike, M.D.; Ken E. Overcash, M.D., Defendants.
 No. 88-2912.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 11, 1989.
Decided: May 22, 1989.
Rehearing Denied June 14, 1989.
 
 Robert Nelson Meals (James T. Perry, Theresa L. Kitay, Meals, Kirwan, Goger, Winter & Parks, P.C., on brief), for appellant.
 William Beverly Poff (Herman A. Marshall, III; Thomas A. Leggette, Michael F. Urbanski, Elizabeth A. Schell, Woods, Rogers & Hazlegrove, on brief); Ann Adams Webster (Jack B. Russell, Browder, Russell, Morris and Butcher, P.C., on brief), for appellees.
 Before CHAPMAN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Purnima M. Shah, M.D. appeals the entry of summary judgment in favor of The Memorial Hospital, Danville Anesthesiologists, Inc. (DAI), and various individuals on her civil rights and antitrust claims. We affirm.
 
 
 2
 Shah is a naturalized United States citizen of Indian birth. She attended medical school in her native country and then completed a residency program in anesthesiology in the United States. Upon completion of her residency in May 1982, she moved to Danville, Virginia. In August she applied for privileges at the Hospital in Danville. Nine months later, in May 1983, the Hospital granted Shah provisional privileges for one year. DAI, the dominant of only two anesthesiology practices in Danville, hired her part-time on a one-year contract. Upon expiration of her contract in May 1984, DAI offered to renew her part-time contract for another year, but refused to extend her a full-time offer. At that time, Shah left DAI and established her own practice. Several months later DAI hired a white male physician full-time whose application for privileges was approved by the Hospital within two and one-half months.
 
 
 3
 In October 1984, after the Hospital reviewed Shah's peformance, it granted her active privileges limited to adult general and spinal anesthesia. She was restricted to performing pediatric anesthesia or regional blocks only in consultation with another member of the Department of Anesthesiology. Subsequently, Shah began receiving fewer referrals and she closed her practice in late 1985.
 
 
 4
 In June 1986 Shah filed this action alleging that Defendants had intentionally interfered with her right to contract on the basis of her race in violation of 42 U.S.C.A. Sec. 1981 (West 1981) and that Defendants had conspired to exclude her from the local anesthesiology market in violation of the Sherman Antitrust Act, 15 U.S.C.A. Secs. 1, 2 (West 1973), and the Virginia antitrust provisions, Va.Code Ann. Secs. 59.1-9.5, 59.1-9.6 (1987). Shah also asserted a state law claim for tortious interference with contract.
 
 
 5
 The district court granted summary judgment to Defendants on the federal claims and dismissed the pendent state claim. The court found insufficient evidence to create jury questions that Defendants' actions were motivated by racial prejudice or that DAI and the individual physicians conspired with the Hospital and its officials to monopolize the provision of anesthesiology services in Danville. We affirm on the sound reasoning of the district court. Shah v. Memorial Hosp., No. 86-0064-D (W.D.Va. July 27, 1988).
 
 
 6
 AFFIRMED.